CRUZ FONTÁNEZ, substituted by SALVADOR VIETA, who in his turn is substituted by his administrator and testamentary heirs, Plaintiffs and Appellants, *v.* RAIMUNDO, ALEJANDRINA and ALIPIO SIERRA, and SUSANA APONTE and IGNACIO RIVERA, Defendants and Appellees.

No. 8053.   Argued January 19, 1940.—Decided January 25, 1940.

*Francisco González Fagundo,* for the appellants Messrs. Vieta.   *Ángel R. Villamil* and *C. Santana Becerra,* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

This case deals with an unlawful detainer at sufferance. The plaintiff alleges that she is the owner of a rural property which she describes, situated in Caguas, which the defendants occupy against her will and without paying any rental whatsoever and prays that they be evicted and ordered to pay costs.

In their answer the defendants deny the alleged title of the plaintiff and state on the contrary that the defendants Sierra are the owners of the property in controversy and that therefore they have not paid any rental to the plaintiff nor to any other person. As "New Matter of Defense" they allege:

"1. That on or about the month of June, 1921, Salvador Vieta drew up and wrote in his own hand a promissory note for the amount

of $634.51, which fell due on June 30, 1922, to be signed by the defendant Raimundo Sierra, who signed it but not before a notary.

"2. That in the month of November, 1921, the wife of the defendant Raimundo Sierra died and left legitimate heirs.

"3. That Salvador Vieta, a short time later, told the defendant, Raimundo Sierra, that it would be convenient that he allow suit to be filed against him and the property described in the complaint attached by Mr. Vieta to avoid the expenses of a declaration of heirs, a valuation, division and adjudication of inheritances which would cost him about $500 or $600.

"4. That Raimundo Sierra explained this situation to his children, the heirs, and that they all agreed that what Vieta advised should be done since he was a good man.

"5. That according to the above statements, on July 28, 1922, Salvador Vieta filed a complaint for the collection of money against Raimundo Sierra and others, before this Hon. District Court and the defendants allowed a judgment by default to be taken against them and the farm was adjudicated at public sale to Mr. Vieta according to their agreement with him.

"6. That said farm of twenty *cuerdas* cost Raimundo Sierra around $4,000 and that he allowed Mr. Vieta to auction it off for $300, but Sierra and all his family, who are the other defendants, continued living, possessing and using the farm freely and without any opposition from Vieta or anybody and without paying any rental or being bothered.

"7. That Raimundo Sierra has paid in full to Salvador Vieta the promissory note which he signed for the amount of $634.51, and that actually he owes Mr. Vieta nothing.

"8. That besides the fact that the complaint for the collection of money was an agreement between Vieta and Sierra, even supposing it had not been so, the attachment, execution and sale at public auction of the said twenty *cuerdas* was null according to the law in force in Puerto Rico.

"9. That Salvador Vieta loaned Raimundo Sierra money on his crops and helped him to obtain crop loans to plant different crops, and while doing this he seduced Alejandrina Sierra, one of the defendants and the daughter of Raimundo Sierra, and had a child with her who today is eight years old; and that Raimundo Sierra, Alejandrina and her child continued living on the latter's farm, helped by Vieta, and Vieta acknowledged at all times that the de-

scribed property of 20 *cuerdas* where his concubine lived with her father and his own son, Tito René Vieta y Sierra, was the exclusive property of Raimundo Sierra.

"10. That three or four months ago, Salvador Vieta because he was angry with the defendant Alejandrina Sierra, who had been his concubine until then, without the knowledge of Raimundo Sierra, simulated a sale of the said farm of 20 *cuerdas* in favor of Cruz Fontánez Lorenzano who is the present concubine of Salvador Vieta and the plaintiff in this suit for unlawful detainer.

"11. That said deed of sale from Vieta to Fontánez was executed on the same day on which he was served with notice of a suit for alimony for his son Tito René whom he had and has abandoned and all as a result of a conspiracy between Cruz Fontánez, plaintiff, and Salvador Vieta against the defendant Alejandrina Sierra and her minor child, Tito René Vieta y Sierra."

Sometime later and by permission of the court (T. of E. 158), the defendants amended their answer alleging that in said property, the defendants Raimundo, Alejandrina and Alipio Sierra had their homestead. (Record page 19.)

After extensive evidence was offered by both parties, the lower court, without writing an opinion expressing the conclusions of law and of facts, dismissed the complaint by virtue of a judgment which copied literally states as follows:

"After an examination of all the documentary evidence and considering the evidence of the witnesses presented by both parties as from the same there arises a fundamental question of title in regard to the property in question and as this is not the adequate proceeding to hear the complaint, this case is dismissed and the plaintiff is ordered to pay the judicial costs, the expenses and costs that the defendants might have had to incur to defend in this case, including $100 which is considered reasonable for attorney's fees."

The four errors alleged by the plaintiff as the basis of this appeal will be considered together in the course of the opinion. The complaint derived her title from Salvador Vieta and the defendants attack the title of the complainant as well as her protector Vieta.

As appears from the evidence of the plaintiff, Vieta acquired the farm by adjudication made to him in execution

of judgment which he obtained against the previous owners of the property, Raimundo Sierra and his children, and after some time, Vieta sold it to the plaintiff for the amount of $1,355.

As appears from the evidence for the defendants, Raimundo Sierra, who does not know how to read, following the advice of Vieta, signed a promissory note for $634.51 to the order of Vieta and later also, following the latter's advice, allowed a judgment on default to be taken against him in the suit in the District Court of Humacao filed by Vieta against Sierra for the collection of said promissory note. The judgment became final and on November 22, 1922, by deed of judicial sale No. 114, executed before Notary Public Rafael López Antongiorgi, the farm was adjudicated to the plaintiff, Vieta. Notwithstanding the judgment obtained by him and the deed of judicial sale in his favor, Sierra and his family continued occuping the farm on the same condition that they had it before the suit. Under this state of affairs, Vieta carried out illegitimate relations with Alejandrina Sierra, daughter of Raimundo, and as the issue of these relations, the child Tito René Sierra, was born, who on the date of the trial was seven years old. After some time, the relations between Vieta and Alejandrina were discontinued and the former then lived with the present plaintiff with whom he had a natural child. The plaintiff, who when she came to live with Vieta, only had a capital according to her of some $200 or $600, although she supported her mother and brother, constantly and rapidly sees her capital grow until the day of the trial for unlawful detainer, when she was the owner, according to her, of various houses, and had a monthly income of some $80 or $90 which allowed her to lent amounts of money to Vieta after their relations had ceased, and who continued living alone in the lower part of the same house in which the plaintiff lived with her mother.

Now Alejandrina, to whom Vieta had not given anything for the support of her child, requested it judicially and pre-

cisely on the said date that he was notified of the complaint for alimony, Vieta executed in favor of the herein plaintiff a deed of sale to the property where Alejandrina and her son, her father, and brother lived, and said deed was executed and dated September 8, 1937, before Notary Antonio L. López.

Fifteen years passed since the deed of judicial sale was executed in favor of Vieta on November 22, 1922, until September 8 when Vieta conveyed the title to the complainant plaintiff and during all that time and up to now, the defendants have quiet and peacefully occupied the farm until the complaint was filed in this case on October 5, 1937.

The defendant Raimundo Sierra testified that he rented a part of the farm to Vieta to plant cane and as a condition of said contract Vieta paid the taxes of the property.

Sometime after the case was submitted but before judgment was rendered, the defendants found out that the plaintiff had returned the title of the property to Vieta and after the parties were notified and heard, the defendants presented in evidence the deed of rescission of contract No. 129, executed on December 20, 1938, by the plaintiff Cruz Fontánez in favor of Salvador Vieta and before Notary Francisco González Fagundo.

In the case of *Colón* v. *Colón*, 51 P.R.R. 95, 101, cited by the appellant, this Court said:

"The theory of all such cases is that the plaintiff, in an unlawful detainer proceeding, who exhibits a title, valid until invalidated, has the right to immediate possession pending a judicial determination in some other action, of any question as to the validity of his title The doctrine of such cases is innaplicable when the defendant, in an unlawful detainer proceeding, is in possession under a claim of ownership, alleges facts sufficient to show the absolute nullity of plaintiff's title, and adduces evidence enough to indicate that his defense is not a pretext. See *Huertas* v. *Rosario*, 50 P.R.R. 346 and *Martínez* v. *Figueroa*, 50 P.R.R. 908."

In this case the possession of the defendant Sierra uninterruptedly and peacefully, for more than fifteen years,

that is to say, since the execution of the deed of judicial sale until the complaint in this case was filed, shows that the defense alleged by the defendants was not a pretext to obstruct the suit of the complainant. It is true that Vieta had his title of judicial sale, but the evidence of the defendant tends to show that the promissory note was subscribed to without consideration and under the advice of Vieta and that the judgment on default was the result of an agreement between the then complainant and the defendants, which together with the possession which they had for fifteen years after the judicial sale, shows that the claims of defendants are not so baseless that they cannot constitute a conflict of titles which should be decided in an ordinary suit. See *a contrario sensu* the case of *J. González & Co.,* v. *Aponte, and Falcón, intervener,* (ante p. 797). It cannot be said that the retaining of possession by the defendants after the judicial sale was due to the birth of the child Tito René Vieta since on the date of the trial, the year 1938, said child was only seven years old, so that during eight years previous to the birth of the child he had no influence on Vieta to permit the defendants to continue occuping the farm acquired by him in the judicial sale.

■ The court *a quo* did not err in our opinion in admitting in evidence the record of civil case No. 8499 of said court as a consequence of which the deed of judicial sale was executed in favor of Vieta since such evidence was relevant to the defense made by the defendant. But assuming without accepting it that this was not so, the error in admitting it, if committed, did not prejudice the plaintiff.

We have carefully read the transcript of the evidence as a whole and find no motive to conclude that the judge was moved by bias, prejudice or partiality. He twice had to call Vieta's attention to the despective manner that he used in referring to Alejandrina and Raimundo Sierra, but in doing so did nothing but to comply with the duty to protect persons who as parties or as witnesses appear in court.

Once judgment was rendered in favor of the defendants, the court was bound by law to order the defendant to pay costs. And we do not find that it abused its discretion awarding attorney's fees of $100 given the nature of the suit.

Therefore, the judgment appealed from must be affirmed.